MICHAEL R.W. HOUSTON
INTERIM CITY ATTORNEY
MOSES W. JOHNSON, IV (SBN 118769)
E-mail: mjohnson@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendants CITY OF ANAHEIM, CITY OF ANAHEIM erroneously sued as CITY OF ANAHEIM POLICE DEPARTMENT and SCOTT McMANUS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOAZ Q. BALENTI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ANAHEIM POLICE OFFICER SCOTT McMANUS, et al,<br><br>　　　　Defendants. | Case No.:　SACV10-1159 CJC (JPRx)<br><br>Assigned to: Hon. Cormac J. Carney<br>Dept.:　　9B<br><br>**PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION**<br><br>Action Filed:　12/02/10<br>Trial Date:　　July 23, 2013 |

The parties stipulated to a protective order re confidential information that was filed on or about June 19, 2013, and seek to have a protective order entered by the Court based on that stipulation, as modified by the Court (See attached modified Stipulated Protective Order.)

**IT IS SO ORDERED (as modified)**

Dated: June 26. 2013

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　HON. JEAN P. ROSENBLUTH
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

MICHAEL R.W. HOUSTON
INTERIM CITY ATTORNEY
MOSES W. JOHNSON, IV (SBN 118769)
E-mail: mjohnson@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California 92805
Tel: (714) 765-5169 Fax: (714) 765-5123

*Note changes made by the Court*

Attorneys for Defendants CITY OF ANAHEIM, CITY OF ANAHEIM erroneously sued as CITY OF ANAHEIM POLICE DEPARTMENT and SCOTT McMANUS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOAZ Q. BALENTI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF ANAHEIM POLICE OFFICER SCOTT McMANUS, et al,<br><br>　　　　Defendants. | Case No.:　SACV10-1159 CJC (JPRx)<br><br>Assigned to: Hon. Cormac J. Carney<br>Dept.:　　　9B<br><br>**STIPULATION FOR PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION; ORDER**<br><br>Action Filed:　12/02/10<br>Trial Date:　　July 23, 2013 |

　　　The parties, Plaintiff BOAZ Q. BALENTI, and Defendants CITY OF ANAHEIM, OFFICER SCOTT McMANUS, and CITY OF ANAHEIM erroneously sued as ANAHEIM POLICE DEPARTMENT ("Defendants" or "City") through their respective attorneys of record, agree that the following protective order be issued in this matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

　　　1.　　This Protective Order applies to and governs the use of nonpublic law enforcement investigative reports and records concerning the shooting of Jeffrey Santelli which are being produced to Plaintiff by the City. This Order shall also apply to and govern any other nonpublic investigative or law

enforcement reports or records produced to Plaintiff by the City concerning the shooting of Jeffrey Santelli or its aftermath (hereinafter referred to as "Confidential Information"), including but not limited to, nonpublic police reports and/or Administrative Shooting Reviews prepared by the Anaheim Police Department and the Orange County District Attorney's Office's (OCDA) Investigation. The OCDA Investigation will be produced by Defendants to Plaintiff once this Order is entered by the Court.

The term Confidential Information shall mean and include the documents listed above, any and all portions thereof, and all documents of whatever kind containing information set forth in or obtained from these documents.

2. Plaintiff's counsel shall use the Confidential Information solely for the purposes of this litigation, and shall not disclose any portion of the Confidential Information to any other person, firm or corporation except:

A. Bona fide employees of counsel's law offices, and then only to the extent necessary to enable said persons to assist in litigation of this action;

B. Plaintiff, to the extent deemed necessary by counsel for the prosecution of this litigation;

C. Expert witnesses employed by the parties to this action;

D. Consultants retained by the parties to this action; or

E. The Court and members of the jury in this litigation.

3. All persons described in paragraph 2 (a) through (d) above shall not disclose any portion of said Confidential Information and shall not use any information obtained therefrom except in conformance with this Protective Order and for purposes of this litigation. Any party who discloses Confidential Information to any person described in paragraph 2 (a) through (d) shall advise such person that said matters constitute Confidential Information which may be used only for the litigation of this action, and shall, prior to disclosure of the Confidential Information, have such person execute a written Understanding and

1 | Agreement to be bound by this Stipulation for Protective Order in the form
2 | attached hereto as Exhibit 1.

3     4. Any deposition testimony that encompasses or concerns Confidential Information shall be transcribed in a separate booklet that is marked on its cover "Confidential: Do not Disclose by Court Order." In addition, any documents containing Confidential Information that are submitted to the Court shall be filed or lodged in accordance with Local Rule 79-5.

    5. The attorneys for Plaintiff are directed to retain all copies of documents, notes, or summaries containing Confidential Information in their custody, possession and control and to take the necessary precautions to prevent persons not authorized as provided above from obtaining access to any such Confidential Information.

    6. Production of the Confidential Information protected by this Stipulated Agreement and Order shall not constitute a waiver of any privilege or confidentiality or privacy right. The parties retain the right to assert all substantive objections to the Confidential Information, including but not limited to, relevancy, hearsay, privacy, privilege, and Rule 403 of the Federal Rules of Evidence.

    7. At the conclusion of this action, all documents containing Confidential Information, all copies and extracts thereof, with the exception of those documents affected by the attorney work-product doctrine or attorney-client privilege, shall be returned to counsel for the City. As to those documents protected by the attorney work-product doctrine or attorney-client privilege, Plaintiff and his counsel agree that any and all such documents shall either be redacted and returned to the City or shall be destroyed.

//
//
//

3

IT IS SO STIPULATED.

Dated: June 17, 2013

MICHAEL R.W. HOUSTON, INTERIM CITY ATTORNEY

By: _____
    Moses W. Johnson, IV
    Assistant City Attorney
    Attorneys for Defendants
    CITY OF ANAHEIM, SCOTT
    McMANUS and CITY OF
    ANAHEIM erroneously sued as
    ANAHEIM POLICE DEPARTMENT

Dated: June 19, 2013

KENEALY LAW OFFICES

By: /s/ Cecilia Balenit-Moddelmog
    John P. Kenealy
    Cecilia Balenti-Moddelmog
    Attorneys for Plaintiff
    BOAZ O. BALENTI

OFFICE OF THE CITY ATTORNEY
CITY OF ANAHEIM
200 S. ANAHEIM BOULEVARD, SUITE 356
ANAHEIM, CALIFORNIA 92805
(714) 765-5169
FAX (714) 765-5123

# EXHIBIT 1

## UNDERSTANDING AND AGREEMENT

## PURSUANT TO PROTECTIVE ORDER

I have read the Stipulation and Protective Order in BOAZ Q. BALENTI v. CITY OF ANAHEIM et al., Case No. SACV 10-1159 CJC (JPRx), now pending in the United States District Court. I understand the Stipulation and agree to be bound by its terms.

DATED: _____

By: _____
    SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
CITY, STATE, ZIP

OFFICE OF THE CITY ATTORNEY
CITY OF ANAHEIM
200 S. ANAHEIM BOULEVARD, SUITE 356
ANAHEIM, CALIFORNIA 92805
(714) 765-5169
FAX (714) 765-5123

5

Case No. SACV10-1159 CJC (MLGx)